We will call the next case on the docket today, this afternoon. And that would be People v. the State of Illinois v. Juan Villareal, No. 1027318, Agenda No. 3. Counsel, are you prepared to begin? Please identify yourself as referenced. May it please the Court, my name is Deepa Punjabi, and I represent the petitioner appellant, Juan Villareal. In this case, Mr. Villareal raises facial constitutional challenges to the statute that sets forth the offense of unlawful possession of a firing arm by a street gang member. Appellant challenges this law under the Eighth Amendment as a violation of substantive due process and as unconstitutionally vague. Now, while these are all distinct constitutional challenges, really it is the same constitutional infirmity that underlies all three of these arguments. And that is that criminal liability may not rest on who a person is, one's social identity, or with whom one socializes or associates. Instead, criminal liability must rest on a defendant's own volitional personal conduct. The unlawful possession by a street gang member statute violates these principles. So if it pleases this Court, I wanted to first turn for a brief moment to the exact elements of the offense. Under this criminal statute, a defendant is guilty of a Class II felony offense with a special extended range. If he possesses a firearm on his person while out in public, does not have a valid firearm owner's identification card or FOID card, and is a member of a street gang. However, the same conduct by a non-gang member possessing a firearm in public without a FOID card is a Class A misdemeanor. So the only distinction between the extended Class II offense and the misdemeanor offense is the defendant's status as a gang member. So it's the element of gang membership alone upon which all of this additional criminal liability attaches. Do you concede the risk of gun violence against the public is greater from a gang member versus the risk from non-gang members by the very nature of gangs themselves? I would submit that a gang member with no criminal objective, and there are gang members, particularly those who float in and out of the peripheries of these groups, who may never commit any criminal act. I would submit that a gang member with no criminal objective poses no greater risk than any other member of the public who commits FOID-less firearm possession. But even if this court doesn't believe that or doesn't accept that or believes that gang membership entails a pressure to commit a criminal act perhaps that non-gang members don't face, I don't think a court can assume that an individual will give in to that pressure. Because otherwise what you have here really is criminalization of a mere pressure or mere propensity to commit a criminal act. And Justice Black's concurrence, I believe it was, in Powell v. Texas talks about this. That this is why these status offenses offend the Eighth Amendment, is because usually they are just criminalizing some propensity to commit a criminal act. And we have a tradition that avoids criminalizing mere propensity, because you don't know who is going to give in to that propensity or not. And of course in the substantive due process context, the standard is you have to show more than just there might be some pressure to become an active member. An active member in the gang's criminal element. The statute has to require that you actually are an active member to satisfy the substantive due process standard. When you talk about someone floating in and out of a gang, that sounds to me like an as-applied challenge. You're going to make a facial challenge here. And you're saying there's no rational basis for the legislature to find that we want to keep guns out of gang members' hands? The statute is subject to facial challenge, because the statute has to meet certain requirements to be facially valid. And in the Eighth Amendment context, that is under Robinson v. California, that a criminal penalty cannot attach in the absence of some concrete volitional act. And in the substantive due process context, under Scales v. United States, the United States Supreme Court was very clear about the standard a statute has to meet in attempting to criminalize membership in an organization. And that it can only be targeted, that statute, to members that are active in the gang's criminal element. And that means, Scales explained, that means an intent to commit, or I'm sorry, a guilty knowledge, an awareness of the gang's criminal activities, and guilty intent, an intent to promote those activities somehow. Now, the definitions here of gang and gang member are written so broadly that they don't necessarily exclude non-criminal intent or non-criminal activity. They don't exclude non-criminal conduct. A gang member is defined in part as anyone who actually and in fact belongs to a gang. As explained in the written brief, this statutory definition does not add any clarity or substantive content to the term that it purports to define. It's essentially a standardless standard. And the state argues that anyone who actually and in fact belongs to a gang should be entitled to a gang. And that is interpreted based on the meaning of this language, the plain meaning, as anyone who has pledged themselves somehow to commit crimes on the gang's behalf. But I would submit that that is not a reasonable interpretation of the plain meaning of that language. The state is asking this Court to read into the statutory definition limiting language that just isn't there. In fact, the statute does not specify what kind of belonging qualifies you as a gang member. It does not use any qualifier at all and potentially encompasses all kinds of belonging, even those who only belong to the gang in a social capacity with no criminal objective. Does the second part of the definition of a gang member satisfy the eighth amendment? Or you've only talked about the first part of the definition? I would say that most of the language does, but the voluntarily associate language doesn't necessarily encompass any concrete act. I mean, that language is so broad, even the state's own dictionary definition of that language says... It doesn't just say associate. It says associates himself with a specifically defined course or pattern of criminal gang behavior. Pretty specific. Sure. But to voluntarily associate yourself could mean an act so... It could be something so attenuated as to, even under the state's dictionary definition in their brief, as to be in friendship or as an ally somehow with that pattern. It's such a loose language that I would submit that even that language doesn't necessarily... Let me just say, you're conflating a lot of things. Now you're talking about vagueness. I was asking about the eighth amendment. I mean, you're making three claims. I think we have to separate the three of them in the analysis that we ultimately come to. So my question was, does the second part of that satisfy the eighth amendment? Most of the language does satisfy the eighth amendment. I'm not quite sure the voluntarily associate language would satisfy the eighth amendment because it is, again, just... Such a loose requirement. I'm not sure what concrete conduct or act that would encompass that language. Isn't there a rational basis for the legislature to heighten the offense by gang members? I mean, it's one thing with an individual who's not a gang member. It's another thing, the violence of gang members. And isn't it a rational and reasonable for the legislature to seek to criminalize it with a higher penalty? Thank you, Your Honor. Yeah, I understand your question. So certainly there's a legitimate legislative goal here, but the substantive due process standard for making sure that a statute is in effect, is rationally related to a criminal penalty or to that goal, is explicated and scales the United States. And it's pretty clear that a statute that's attempting to criminalize mere association, to satisfy that standard, the associational tie may not be merely passive or peripheral to the organization's criminal activity. Instead, the defendant's, this is the U.S. Supreme Court case, they explained in scales that the defendant's relationship to the criminal element of the group must be sufficiently substantial to satisfy the concept of personalized guilt. So they were concerned here with guilt by association. And the problem with this statute is it is assigning a criminal penalty on the basis of what someone might do or have a propensity to do based on who they're hanging out with. You're relying on what, Zeta, that proposition? Oh, no, that I was quoting scales the United States, Your Honor. But the difference here is there's another act, right, having a firearm without a bullet cartridge. And that's distinguishable from scales, is it not? That's distinguishable from scales, but certainly other states have looked at this, these legal authorities and have used this as a basis to strike as facially invalid under the Substantive Due Process Clause statutes that are just getting enhanced by the statute. And I think it was the Arizona Supreme Court in Arivalo that said that's really kind of a distinction without a difference in our view. Either way, whether you have a standalone offense criminalizing an association or criminal penalties attaching on the basis of that offense in conjunction with some other conduct, either way the criminal penalties are attaching on the basis of that association. So you're basically saying where we have a misdemeanor offense, if the person is not a gang member, and then we have these enhanced penalties and a felony if they are a member of a gang, that that's the problem? Yes, that's correct, because you have the class two extended penalty attaching merely on the basis of an associational tie that may not include any criminal act. Again, the way gang member is defined here, it doesn't necessarily encompass any criminal conduct. And so that renders the statute infirm in both the 108th Amendment and the 14th Amendment. The conduct as a gang member has as well, right? Correct. The conduct is foidless firearm possession, and the legislature has determined that the conduct of foidless firearm possession merits criminal liability and the level of liability that it merits is a class A misdemeanor. The jump to a class two felony offense, that higher penalty is based on that social identity of gang membership. Yes, is the gang membership, is that an element of the crime, or is it a sentence enhancer? I believe it's the way the statute's written, it's an element of the offense. It functions as a sentencing enhancement. But it has to be proven as an element of the offense. It has to be proven as an element of the offense. But the problem is the legislature has not really provided any standards by how you prove that to say that being a member is defined as someone who belongs to that group doesn't really provide any standards. And this shows that these standards have not been clear enough to prevent arbitrary and discriminatory enforcement by police officers and prosecutors. You know, all of the problems that the city inspector general has identified with the inconsistent, inaccurate, over-inclusive ways in which the Chicago Police Department have been designating individuals as gang members, this Court has taken judicial notice of that in its Murray case, the city inspector general's report. Those problems do illustrate that the statute has not been providing the police with sufficient standards to guide their enforcement. But in this case, the defendant pled guilty, including to the fact that he was a gang member. Does that change our analysis, then? It does not. He admitted to being a gang member, but under the broad statutory definition, which is so broad as to be meaningless. I mean, what did he admit to? That's not an admission to any conduct that would undermine his claims. Perhaps he's only admitting to belonging to the gang in a purely social capacity. The definition is just so broad that it's not clear what that admission even means. What would you define as the definition of being a gang member? What would you require? Well, I think we would have to meet the scales standard for criminalizing association. And I think that would have to include, I think it should include a nexus between the underlying charge, which in this case is flawless firearm possession, and the association. Some states have gone that far in their substantive due process analysis and have said, you know, there has to be that nexus there. But I think at a minimum, you would have to have, you'd have to, the statute would have to be limited to that subset of gang members who are aware of and intend to further the gang's criminal activities. And, you know, we could look at the language that has been upheld in other states that define gang member as someone who has that knowledge of current criminal activities and intends to further those activities. I think you could narrow, you could work with the language that the General Assembly has already passed and simply omit that first type of anyone who actually and in fact belongs to a state language. You also, I think, would have to look at the way gang, a gang is defined. Because... The conduct is flawless firearm possession. The way that gang member is defined doesn't encompass any conduct. Yes. Well, the statutory definition of a street gang is a group of three or more people with an established hierarchy who through the group's membership or through any member, not each member, through any member engages in a coarser pattern of criminal activity. This means that there are some members of the group who need not have engaged in any criminal activity for the group to qualify as a gang. And the statutory language doesn't contain any requirement that those members of the group that may not have engaged in any criminal activities need have any intent or willingness to participate in or promote criminal activities. And so this means... You have to prove knowledge, but the way that a coarser pattern, so this goes to the way a gang is defined. The way a coarser pattern of criminal activity is defined. It's also defined quite broadly. So it's defined such that the two offenses that qualify the group as a gang may have occurred back in the 90s. It only has to be after 1993, the effective date of the ISTOP Act, and this means that the offenses qualifying the group as a gang may have occurred well before the gang member was born. Or he may be, or on the flip side, the gang member may be aware of the gang, the qualifying offenses from decades past that qualified the group as a gang, but may think, oh, that group doesn't do that stuff anymore, and may not be aware of the gang's criminal activity now, the current criminal activities, and may have no intent to further any current criminal activities by the gang. So the statute as written just doesn't have any requirement that the gang member it penalizes be the kind of gang member that has any connection to or awareness of the gang's criminal element, and so it doesn't pass the substantive due process standard enunciated by our Supreme Court in scales. If I could just spend, I see I'm running short on time, but I just wanted to spend a moment or two talking about the Eighth Amendment challenge here. In Robinson v. California, the United States Supreme Court held that subjecting a defendant to a criminal penalty under the tenuous status alone by... Counsel, your time has expired. You'll have an opportunity to make a rebuttal argument. Thank you very much. Thank you. May it please the court. May it please the court. Counsel. I'm Assistant Attorney General Josh Schneider on behalf of the people of the State of Illinois. Petitioner has raised three facial challenges to the constitutionality of Section 24-1.8a1, and all three of those challenges ask this Court to adopt a reading of the statutory definition of street gang member that is so broad as to render the statute unconstitutional. And, of course, the Court cannot do that unless it is impossible to reasonably construe the statute in a way that preserves its constitutionality. And when we look at the statutory definition of street gang member, we see that not only is it susceptible to a narrower reading than the one that Petitioner asked this Court to adopt, but, in fact, that narrower reading is the reading that is more consistent with the plain language of the statute and is more consistent with the legislature's intent in enacting that statute. And the key to this exercise of statutory interpretation is to construe the statutory definition of street gang member in the context of the statutory definition of street gang, because, of course, a statutory street gang is not synonymous with what people might colloquially think of as a street gang. A statutory street gang, as counsel noted, is statutorily defined as an organization with an established hierarchy and that engages in a course or pattern of criminal activity through its membership or through the agency of any member. And those crimes that are committed through the gang's membership are committed at the direction or behest of the organizational hierarchy, and they are committed for the purpose of advancing the organization's interests. So when we ask what does it mean for someone to be a member of a statutory street gang, what we're asking is, what does it mean for a person to be a member of an organization that commits crimes through its membership? And not surprisingly, the answer to that question is, a person is a member of an organization that commits crimes through its membership if the person is someone through whom the organization may commit such crimes. And that is exactly what the statutory definition of street gang member says. And it defines this group in two ways. The first is someone who actually and, in fact, belongs to a street gang, a statutory street gang, of course. Actually and in fact simply means that they, in reality, belong to the street gang. They don't simply appear to belong to the street gang or seem like they would belong to a street gang. And belong, petitioners argued that belong could mean something as broad as to feel happy with or to feel comfortable among. Like, I feel like I belong in Paris, right? Or I've never felt like I belong with the popular crowd. But that is not belonging to a group. That is a feeling of belonging that is contextually inappropriate for this statutory definition. So is there any requirement that the person be an active member of the street gang? Yes. In the statute? Yes. And the activeness requirement is inherent in the definition of street gang. Because, again, a street gang is an organization that commits crimes through its members, meaning its members are people who are available to act as its criminal instruments. So when a person belongs to a street gang, the common definition of belong that is contextually appropriate is someone is bound to the street gang, right? They hold some allegiance to the street gang. So, for example, if I belong to a political party, if I belong to the Democratic Party, if I belong to the Republican Party, that doesn't mean that I am happy in the company of other people in that political party. It means that I have some sense of allegiance to that party. If I belong to the varsity football team, that doesn't mean that I like the football team or that I am comfortable with football players. That means that I am part of the team. I am holding myself available to play football on behalf of the team. What was the evidence in this case put in for this situation about the evidence of being a gang member and possessing a gun? Well, so it was a negotiated guilty plea. So the stipulated factual basis was that Petitioner was a member of the Satan's Disciples from 24th and Washtenaw, and that he possessed a firearm without a valid FOIA card. And that was the extent of the prove-up, right? That's exactly right. And Petitioner has not challenged the sufficiency of the factual basis that was the basis of his plea. He hasn't sought to withdraw his guilty plea, simply challenging a facial challenge to the statute, which, of course, means that it has to be unconstitutional in all of its applications. And I would actually take a moment very briefly to note that Petitioner has conceded, it seems, that the statute can be constitutionally applied in a variety of circumstances under the Eighth Amendment and under the procedural due process, and that is not vague. Under the second definition of statutory street gang member, a person who is legally accountable for or aids, abets, performs a course or pattern of gang-related criminal activity, I don't understand Petitioner to be arguing that a person could not know if they have aided or abetted or been legally accountable for a course or pattern of gang-related criminal activity where that is defined as two or more specific crimes committed within a specific period for specific purposes. And so that concession alone defeats the facial vagueness in Eighth Amendment challenges. And in this case, it was criminal activity. Exactly. Yes. Well, in this case, it was I my construction of the factual basis was that he was admitting to gang membership under the I belong to this gang rather than necessarily admitting to the There was an offense. Street gang member and offense, right? That's correct. So that first definition of belonging to a gang means that a person is essentially loyal to the gang, meaning that they are available to receive orders from the gang to act as its criminal instrument. That is the case whether or not the person has actually been ordered to commit crimes. Returning to the varsity football team, a person is a member of the football team  because in either case, they are available to play football for that team if directed to do so. Now, the second definition applies to people who may not have any personal loyalty to a street gang, but who have demonstrated through their actions that they are nonetheless available to act on its behalf to commit crimes at its direction. And these are the people who are knowingly acting as an agent for, accessory to, legally accountable for, voluntarily associate themselves with, perform aid or abet, a course or pattern of gang-related criminal activity. Again, Petitioner seizes a term of this definition and asks the Court to read it out of context, the voluntarily associate with. But as is often the case, the General Assembly has taken a string of closely related synonyms to communicate a single central concept. And here that concept is participating in the commission of gang-related crimes. So we need to read voluntarily associate with gang-related crimes in the context of accountable for those crimes, aid and abet those crimes, and so on. And the only common definition of associate with that fits that context is that someone is joining in as an ally, as a fellow worker in participating in those crimes. So together, what these two definitions identify are people who are making themselves available, either because they have personal loyalty or for whatever reason, to commit crimes on behalf of a gang. In other words, if the gang sends out the bat signal to commit crimes on our behalf, this statute identifies everyone who would respond to that call. And when we're armed with that proper understanding of the statute, a substantive due process claim is revealed as meritless, because it by definition, a street gang member is an active member of a criminal organization. There is no room in the definition for someone who simply supports the street gang in a sort of rooting interest sense, provides merely moral support. When we look at the scale standard, due process demands a sufficiently substantial relationship between the defendant's associational status and the underlying criminal activities. And we look at that in light of, you know, Bonds and O.C. and Arevalo. How is this case different than those cases? Sure. So the difference goes back to the statutory definitions. In Bonds and O.C., the statutory definition of a gang member didn't require that the person actually be available to commit crimes. It included a person could be a street gang under the Tennessee and Florida statutes if they wore clothing associated with gang members and lived in territory that was controlled by a gang. That alone was sufficient. So if you wore red and lived in an area that was controlled by a gang that wore red, then you were a gang member under the statute. Here, that is not the standard. Here the case is focused on the offense, though, I mean, the offenses. You know, in O.C., it was, you know, every offense was enhanced. Right. A gang membership. And I thought they were really not looking at the definitions of what colors you wear and all that, but they're looking at was there a nexus between the offense we're talking about, and here the offense is possessing a firearm without a FOIA card, and the associational status. Right. And whether that nexus is sufficiently supplied turns on two things. One is the crime, and second is the nature of the associational status. So the distinctions for O.C. and Bond were not only was the associational status defined in a way that allowed a person to not be an active member of the organization. A person could be a gang member if they only wore clothing and lived in the territory. So that doesn't mean that they're necessarily making themselves available to commit crimes. That just means that they live in that area and wear clothing that people think of as relating to that gang. The second distinction is there the crimes that were being punished more harshly where a greater deterrent was being provided for gang members or people that looked like gang members, at least, was all crimes. It was just a blanket sentencing enhancement for anyone who satisfied the statutory definitions under the Tennessee and Florida statutes. That's not what we have here. What we have here is the unlawful possession of a firearm in public, and that crime is rationally related to the statutory definition of street gang membership in Illinois. Because a person in Illinois is a street gang member, again, if they are someone who is available to commit crimes on behalf of the gang, either because they are loyal to the gang or because they've done so before. And that person, someone who is ready to commit crimes on behalf of the gang, is someone who is more dangerous to the public if unlawfully armed than someone who is not. And they're more dangerous in three ways. One, of course, is, well, if they were ordered to commit a crime with that gun by the gang, that's a crime that would not have happened but for their gang membership. A second way is if they're not ordered to commit a crime with the gun, but if they are nonetheless unlawfully armed. So if they're ordered to do anything else on behalf of the gang, if they're told go and stand in this corner and sell drugs, if they're told go and collect these debts, the fact that they're unlawfully armed makes that crime more dangerous. As the General Assembly has recognized, committing crimes while armed with a firearm, even if the firearm isn't used, creates a much greater danger to the public. And the third way that an unlawfully armed street gang member, statutory street gang member, is more dangerous than an unlawfully armed nonmember is simply because of their organizational, their associational status. If I am on the street carrying an unlawful firearm because I don't have a Floyd card, I pose a risk of violence to the public based on my own personal motivations. If I get angry at someone, if there's road rage, that sort of thing, I could engage in gun violence at my own behest. If I'm a street gang member, I pose that risk not only for my own reasons, but for organizationally motivated reasons. So, for example, if I'm the same person, I'm still me, I have the same gun, I'm on the same corner, if I'm part of a street gang and I see someone I believe is part of a rival street gang, there is now the possibility that I will engage in violence that I would not have but for that organizational association. I don't know that person from Adam. I have no complaint about their behavior. Were I not in a street gang, we would have walked past each other with no incidents, but because we recognize each other as members of rival criminal organizations, now there's the possibility of violence. Is that what happened in this case? So it – this is not in the case that's on appeal, but there were two cases that The second case was a gang-related shooting. He had asked a friend to drive around so they could go. I believe they're going to look for a Latin king to shoot. So although not part of the factual basis of the conviction at issue here, there certainly is plenty of evidence on the record that Petitioner was, in fact, engaging in the commission of crimes on behalf of his organization's interests. So the statutory definition of street gang membership is active in the way required by scales, because it doesn't allow a person simply to have generally fond feelings towards a gang. It requires actual commitment to act on behalf of the gang. And the distinction here, again, goes back to the definition of street gang, because the organization a person is a member of, the nature of that organization cabins the nature of membership. So going back to the political party versus varsity football team, if I'm a member of a political party, that may mean I have an allegiance to the party, but it doesn't necessarily mean that I have any sort of – it doesn't entail any actual obligation to vote a particular way in a particular election or donate money to a particular campaign or volunteer or anything like that. It is more akin to a show of moral support, which is the sort of thing that scales said when looking at the Communist Party alone may not be sufficient. But membership of a football team is necessarily active because of the nature of the organization. That organization has a mission. It is playing football. If a person is a member of the football team, it necessarily means that a person is standing at the ready to play football. Here, the definition of a statutory street gang is an organization that advances its organizational goals through the commission of crimes through its members. So if a person is a member of that organization, whether they have actually been called upon yet to fulfill their function is irrelevant. They are necessarily active members because that is the nature of membership in that organization by definition. Turning to the Eighth Amendment question briefly, as we've noted, the facial challenge fails because there are, as counsel conceded, circumstances where it does not punish a purely involuntary status. A person who has committed two or more gang-related crimes and therefore is a gang member under that definition is not being punished purely based on an involuntary status. Moreover, street gang membership under the definition of the statute is not involuntary in the Eighth Amendment sense. Robinson and Powell together made clear that the status is involuntary for the purposes of the Eighth Amendment if it is something like mental illness or a disease. There is no question that there are serious pressures on many people to join street gangs. But the General Assembly has made the policy decision that those kinds of pressures are not sufficient to relieve a person of moral culpability for the unlawful possession of a firearm. And that line is fundamentally a policy line for the General Assembly to draw, not a constitutional line. And so for that reason, the Eighth Amendment claim fails. And, of course, on top of that, there's the fact that the crime only has status as an element. The other element, of course, is the unlawful possession of a firearm. And so under the plain language of Powell, the fact that it includes an act rather than simply an associational status or rather an involuntary status takes it outside of Robinson. Counsel, I have a question. What evidence is there in this case of three or more persons with an established hierarchy? Where are the three or more? We know there's one, the defendant. Where are the other two? So this goes back to the question of whether the factual basis was sufficient. And Petitioner has not challenged that. I think that there could be an argument that if the State is to provide evidence of a factual basis, it would behoove them to provide more of the kinds of details this Court identified in Murray. One of the things I think it's important to remember when we're going through this is this is an extremely demanding standard for the State to prove, that the State needs to prove all of these elements by presenting some sort of evidence. And so where a Petitioner or a defendant pleads guilty, it is probably best practice for the State nonetheless to not simply accept the stipulation to the ultimate legal conclusion, but provide some of the supporting evidence for those sub-factors. But does the factual basis include that evidence? It does not here, no. It simply is an ultimate admission that he is a member of the State and Disciples of 24th and Washtenaw. There are no additional facts relating to that organization's hierarchy or other activities. So if there are no further questions, we ask that this Court affirm the ruling of the Appellate Court. Thank you. Thank you, Counsel. Counsel for Appellant, do you wish to provide a rebuttal? Thank you. The language that the statutory language that the State points to does not include everything that he is submitting that it includes. The language does not say, actually and in fact belong with an intent to commit a crime. And I don't think that intent can be read into the definition of streaking either. I know that the State is arguing that these interlocking definitions narrow the context somehow to gang members that only have a criminal objective or are only active. But again, the definition of streaking also encompasses, it says only any member need have engaged in that course or pattern of criminal activity. Not each member. And certainly it does capture those gang members that the legislature was concerned with, but it also doesn't exclude those gang members who may have no connection to the gang's criminal element. And, you know... But if the statute is constitutional in some situation, isn't that enough to indicate that it is constitutional, that there's not a facial impairment and problem with the statute? No, Your Honor, because our United States Supreme Court case law has precedent in both the Eighth Amendment and substantive due process context has been very specific about what the statute needs to require and the statute in the substantive due process context for any statute that's trying to criminalize an association or membership in a group needs to, it needs to be required that it's only targeted to just active members in all of its applications. It's not targeted properly. And in the Eighth Amendment context, it doesn't require that concrete conduct to jump from Class A to Class II liability. It doesn't require it in all of its applications. And that's why it is subject to facial challenge. So, you know, with respect to the competing interpretations of the definitions of gang and gang member that the parties have offered to this Court, ultimately it will be up to this Court to decide for itself what the plain meaning of these terms are. But I would submit that the legislative history does indicate that the legislature intended an unconstitutionally imprecise and broad definition of gang member because they intended to sweep into the statute gang members who have not necessarily had that connection to the criminal element of the group. The sponsor of this legislation, Representative Acevedo, was quite direct about the purpose of this legislation, and he stated that it was, the purpose of this legislation is to severely punish those who we think are most prone to committing gang violence, committing violence, gang members. So the legislature was trying to penalize not just those members who have committed some act or intend to commit some act, but only those who might be prone to doing so, or those who might commit violence in the future. I can't really think of any other place in the criminal code where we have such a thing, attaching criminal liability on what someone might do based on who they're hanging out with. And that really brings me to the fundamental problem with this statute, is that it assigns criminal liability on the basis of concepts that our legal traditions have rejected, imposing criminal liabilities, and we're talking about several extra years in prison here, imposing those penalties for what you think someone is prone to do or what they might do based on who they're hanging out with. This amounts to guilt by association or guilt based on a mere propensity to commit crimes, and these are discredited concepts in our legal tradition. Were there any other questions that I could answer for this Court? There's not. Thank you very much, ma'am. Thank you. And this case will be taken under revisement. This is number 127.8, People v. State of Illinois v. Juan Valreal. This will become Agenda No. 3. Thank you both very much.